**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TONY A. WILSON, | : | CIVIL ACTION NO. 10-3780 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : |  |
| SAHBRA SMOOK JACOBS, | : |  |
| Defendant. | : |  |

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("IFP Application"). (Dkt. entry no. 1, Appl.) This Court, based upon the plaintiff's financial situation, will (1) grant the IFP Application, and (2) deem the Complaint to be filed. The Court may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss the Complaint, as it is frivolous and fails to state a claim on which relief may be granted.

**THE PLAINTIFF** brought an earlier action ("First Action") against the same defendant named in this action ("Second Action"), alleging constitutional violations due to the manner in which the defendant was processing the plaintiff's application for admission to the bar for the State of New Jersey. See Wilson v. Jacobs, No. 08-4795, 2009 WL 1968788, at *1 (D.N.J. July 1, 2009). This

Court, inter alia, dismissed the amended complaint in the First Action, because (1) the plaintiff's claims were not ripe for judicial action, and (2) an award of relief to the plaintiff would be akin to an advisory opinion. Id. at *3-5. This Court also noted that federal courts are reluctant to review decisions by state courts concerning admissions to that state's bar. Id. at *5.

**THE THIRD CIRCUIT COURT OF APPEALS**, in affirming this Court's decision, agreed that the plaintiff's claims were not ripe for adjudication. See Wilson v. Jacobs, 350 Fed.Appx. 614, 615-16 (3d Cir. 2009). The United States Supreme Court denied the plaintiff's petition for a writ of certiorari on March 1, 2010. See 130 S.Ct. 1700 (2010).[1]

**THE PLAINTIFF** now asserts identical claims in the Second Action. (Dkt. entry no. 1, Compl.) But the plaintiff's claims remain barred, as they are not yet ripe for adjudication. See Wilson v. Jacobs, 350 Fed.Appx. at 615-16.

---

[1] The plaintiff has brought similar federal actions elsewhere. See Wilson v. Emond, No. 08-1399, 2009 WL 902380 (D. Conn. Apr. 1, 2009), reconsideration denied, No. 08-1399, 2009 WL 1491511 (D. Conn. May 28, 2009), aff'd, 373 Fed.Appx. 98 (2d Cir. 2010), cert. denied, 130 S.Ct. 3516 (2010); Wilson v. Gavagni, No. 08-361, 2009 WL 3055348 (N.D. Fla. Sept. 21, 2009), appeal dismissed, Order, No. 09-14975 (11th Cir. Jan. 5, 2010), cert. denied, 130 S.Ct. 3510 (2010); Wilson v. Dows, No. 08-2219, 2009 WL 3182548 (M.D. Pa. Sept. 30, 2009), aff'd, No. 09-4196, 2010 WL 3199703 (3d Cir. Aug. 13, 2010).

**THE CLAIMS** in the Second Action are also barred by res judicata and collateral estoppel. This Court may sua sponte consider these affirmative defenses when reviewing claims by a pro se plaintiff in conjunction with an IFP application. See McMillian v. Trans World Airlines, 331 Fed.Appx. 103, 104 (3d Cir. 2009) (dismissing appeal from district court order sua sponte dismissing complaint on res judicata grounds under Section 1915); Britt v. United Steel Workers Local 2367, 319 Fed.Appx. 89, 90 (3d Cir. 2008) (affirming order sua sponte dismissing complaint for same); Agcaoili v. Wiersielis, 273 Fed.Appx. 138, 138-39 (3d Cir. 2008) (affirming judgment sua sponte dismissing complaint for same). Res judicata applies, as (1) the order in the First Action is valid, final, and on the merits, (2) the parties in both of the actions are the same, and (3) the claims in the Second Action arise from the same transactions or occurrences as the claims in the First Action. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995). Collateral estoppel also applies, as (1) the identical issues were decided in the prior adjudication in the First Action, (2) there was a final judgment on the merits issued in the First Action, (3) the defendant here was a party to the prior adjudication, and (4) the plaintiff had a full and fair opportunity to litigate the issues

in question. See Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).[2]

**THE COURT** will dismiss the Complaint for the aforementioned reasons. The Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated:    December 28, 2010

---

[2] This Court is not abstaining in the Second Action. See Wilson v. Jacobs, 350 Fed.Appx. at 616 (noting this Court did not abstain in First Action). However, this Court notes that to the extent that the plaintiff may be seeking relief from the ongoing proceedings concerning the plaintiff's admission to the bar of the State of New Jersey, this Court would not provide such relief. A federal court must abstain from exercising jurisdiction, under the Younger abstention doctrine, when (1) a state court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971); see also Wilson v. Dows, 2010 WL 3199703, at *2 (barring this plaintiff's action because the application for admission to the Pennsylvania bar was pending).